UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

DENNIS BAHAM,

                     Plaintiff,

          v.

OFFICE OF THE EX-OFFICIO LAS VEGAS TOWNSHIP, LAS VEGAS METROPOLITAN POLICE DEPARTMENT, NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING,

                     Defendants.

Case No. 2:25-cv-00912-GMN-EJY

**ORDER**

Pending before the Court is the Joint Motion to Stay Discovery. ECF No. 85. Also before the Court are Plaintiff's Motion seeking to Strike Defendants' Joinders to the Reply in support of the Joint Motion to Stay Discovery (ECF No. 99) and Plaintiff's Motion for Leave to File Sur-Reply (ECF No. 101). I have considered all three motions, their respective responses and replies.

**1.    Discussion**

          a.    <u>The Legal Standard Applicable to Stays of Discovery.</u>

Generally, a dispositive motion does not warrant a stay of discovery. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). However, a court may limit discovery for good cause and continue to stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief. *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (citing *B.R.S. Land Investors v. United States*, 596 F.2d 353 (9th Cir. 1978)). Under certain circumstances it is an abuse of discretion to deny discovery while a dispositive motion is pending (*Tradebay*, 278 F.R.D. at 602) and, for this reason, a party seeking a stay of discovery carries the heavy burden of making a strong showing why the discovery process should be halted. *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). When deciding whether to issue a stay, a court must take a "preliminary peek" at the merits of the dispositive motion pending in the case. *Buckwalter v. Nevada Bd. of Medical Examiners*, Case No. 2:10-cv-02034-KJD-GWF, 2011 WL 841391, at *1 (D. Nev.

1

March 7, 2011). In doing so, the court must consider whether the pending motion is potentially dispositive of the entire case, and whether that motion can be decided without additional discovery. *Tradebay*, 278 F.R.D. at 602. Moreover, the Court adopts a standard when reviewing the merits of the motion to dismiss that best effectuates Fed. R. Civ. P. 1 goals for the "just, speedy, and inexpensive" determination of actions. *Id*. at 602-03.

b.      A Stay of Discovery is Appropriate in this Case.

This matter involves the foreclosure on and Plaintiff's eviction from property located at 6017 Guild Court, Las Vegas, NV 89131. ECF No. 45. Plaintiff has litigated this matter numerous times before such that Defendants in this action have each and all filed Motions to Dismiss. ECF Nos. 38, 42, 44, 45, 73. One or more of the Motions to Dismiss challenges jurisdiction, alleges immunity, asserts the *Rooker-Feldman* doctrine, and argues *res judicata*. *Id*. A preliminary peek at the Motions to Dismiss demonstrate they are potentially dispositive of the entire matter before the Court and may be resolved without conducting discovery.

In the Motion to Dismiss filed by McCarthy & Holthus, LLP, and Kristin Schuler-Hintz provides a three page chart of all of Plaintiff's prior litigation demonstrating, *inter alia*, several dismissed cases, several ongoing state court cases, and dispositive case outcomes affirmed by the Ninth Circuit or the Nevada Supreme Court. ECF No. 38 at 3-6. Defendant Judge Elana Graham points out that Judge Traum granted her request for dismissal in a prior case finding the *Rooker-Feldman* doctrine precluded subject matter jurisdiction over the claim and that Judge Graham was entitled to judicial immunity. ECF No. 42 at 3 *citing* Order Granting Motion to Dismiss, *Baham v. Graham et al.*, Case No. 2:23-cv-00822 (D. Nev. March 13, 2024), ECF No. 83. The Las Vegas Metropolitan Police Department and Office of the Ex-Officio Constable for the Las Vegas Township argue *Rooker-Feldman* preclusion, quasi-judicial immunity, Eleventh Amendment immunity, and that Plaintiff fails to state various claims. ECF No. 44 at 3. In its Motion to Dismiss, Defendant NewRez LLC d/b/a Shellpoint Mortgage Servicing argues the *Rooker-Feldman* doctrine, *res judicata*, the inapplicability of 42 U.S.C. § 1983, and various claims fail as a matter of law. ECF No. 45 at 6-8, 11. Judge Jacob Reynolds filed a Motion to Dismiss arguing he is not a person under 42 U.S.C. § 1983, as well as judicial and Eleventh Amendment immunity. ECF No. 73 at 4-7.

As explained in *Twin City Fire Ins. Co. v. Employers Ins. of Wausau,* 124 F.R.D. 652, 653 (D. Nev. 1989), claims challenging immunity heavily favor a stay of discovery. Further, the United States Supreme Court has squarely held that until the threshold issue of immunity is resolved discovery should not proceed. *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). In fact, while issues of absolute and qualified immunity are determined, pretrial discovery is to be avoided if possible because of the burdens and costs associated with pretrial discovery. *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985). Likewise, a challenge to jurisdiction favors a stay. *AMC Fabrication, Inc. v. KRD Trucking West, Inc.*, Case No. 2:12-cv-00146-LDG-CWH, 2012 WL 4846152, at *2 (D. Nev. Oct. 10, 2012) (internal citation omitted). Here, having considered the Motion to Stay Discovery and Plaintiff's responsive papers, conducted a preliminary peek of the Motions to Dismiss, and reviewed case law holding that legal challenges based on immunity and jurisdiction favor a stay, I find a stay of discovery is appropriately granted.

**III.    Order**

Accordingly, IT IS HEREBY ORDERED that the Joint Motion to Stay Discovery (ECF No. 85) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motions to Strike Defendants' Joinder Motions to Reply in support of Joint Motion to Stay Discovery (ECF No. 99) and for Leave to File Sur-Reply (ECF No. 101) are DENIED as moot.

Dated this 10th day of April, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE