**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DENNIS BAHAM,

Plaintiff,

vs.

OFFICE OF THE EX-OFFICIO LAS VEGAS TOWNSHIP, *et al.*,

Defendants.

Case No.: 2:25-cv-00912-GMN-EJY

**ORDER GRANTING MOTIONS TO DISMISS**

Pending before the Court are five Motions to Dismiss. The first Motion to Dismiss, (ECF No. 38), was filed by Kristin Schuler-Hintz and McCarthy & Holthus LLP. Plaintiff Dennis Baham filed a Response, (ECF No. 53), and Schuler-Hintz and McCarthy & Holthus LLP filed a Reply, (ECF No. 63). The next Motion to Dismiss, (ECF No. 42), was filed by Defendant Judge Elana Graham. Plaintiff filed a Response, (ECF No. 55), to which Judge Graham replied, (ECF No. 70). Defendants Las Vegas Metropolitan Police Department ("LVMPD") and Office of the Ex-Officio Las Vegas Township's ("LV Constable") also filed a Motion to Dismiss, (ECF No. 44), to which Plaintiff responded, (ECF No. 54), and LVMPD and LV Constable replied, (ECF No. 69). The next Motion to Dismiss, (ECF No. 45), pending before the Court was filed by NewRez LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint"). Plaintiff filed a Response, (ECF No. 52), to which Shellpoint replied, (ECF No. 71). Lastly pending before the Court is Defendant Judge Jacob Reynolds's Motion to Dismiss, (ECF No. 73). Plaintiff filed a Response, (ECF No. 81), to which Judge Reynolds replied,

(ECF No. 84). Erica Jade filed a Joinder, (ECF No. 65), to Defendants' Motions to Dismiss, (ECF Nos. 38, 42, 44, 45).[1]

Because this action is barred by the *Rooker-Feldman* doctrine, the Court GRANTS all pending Motions to Dismiss.

## I. BACKGROUND

This action arises from Defendants' involvement in Plaintiff's eviction. (*See generally* First Am. Compl. ("FAC"), ECF No. 13). Plaintiff alleges that Shellpoint initiated a time-barred non-judicial foreclosure on the property at which he resided through illegal means and without giving proper notice. (*Id.* ¶ 2). Plaintiff then appeared before Judge Elana Graham in Las Vegas Justice Court as the defendant in an unlawful detainer action brought by the Bank of New York Mellon because he failed to vacate the property following its foreclosure sale. (Compl. Unlawful Detainer, Ex. A to Graham Mot. Dismiss, ECF No. 42-1).[2] During the unlawful detainer action Judge Graham issued a temporary writ of restitution. (Writ of Restitution, Ex. B to Graham Mot. Dismiss, ECF No. 42-1). Thereafter, LV Constable posted a 24-hour eviction notice on Plaintiff's front door but on the same day executed an immediate eviction against Plaintiff. (FAC ¶ 3). Later that day, realtor and property manager Erica Jade entered the property and directed a locksmith to change all the door locks. (*Id.* ¶ 4). Jade later moved Plaintiff's personal items and furniture to a private storage facility and towed two cars from the property. (*Id.*). Judge Graham later entered a final judgment awarding the Bank of

---

[1] Plaintiff opposes Jade's Joinder arguing that it is procedurally defective and legally unsupported. (*See* Mot. to Reconsider Opposition to Erica Jade's Joinder to Defendants' Motion To Dismiss, ECF No. 78). The Court disagrees and finds that the Joinder is proper. Accordingly, the Motion to Reconsider Opposition to Erica Jade's Joinder to Defendants' Motions to Dismiss is DENIED.

[2] Judicial opinions, other court records, and matters of public record are properly subject to judicial notice. *Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001). Courts are especially warranted in taking judicial notice of related proceedings in another (or the same) court if those proceedings have a "direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). Accordingly, the Court takes judicial notice of the three court records Judge Graham attaches as exhibits, (ECF No. 42-1), to her Motion to Dismiss.

New York Mellon, represented by Kristin Schuler-Hintz, permanent possession of the property. (Order Granting Summ. J., Ex. C to Graham Mot. Dismiss, ECF No. 42-1).

Plaintiff also appeared before Judge Jacob Reynolds in relation to the foreclosure and eviction. (FAC ¶ 5). Plaintiff alleges that Judge Reynolds improperly vacated seven court dates that Plaintiff had scheduled, made rulings from his chambers, and ordered Plaintiff to stop filing pleadings. (*Id.*).

Plaintiff brings the instant action alleging the following claims: (1) Deprivation of Rights Under Color of Law (42 U.S.C. § 1983); (2) Municipal Liability – Failure to Train (42 U.S.C. § 1983); (3) Fraud (42 U.S.C. § 1983); (4) Denial of Procedural Due Process (42 U.S.C. § 1983); (5) Conspiracy to Violate Civil Rights (42 U.S.C. § 1985(3)); (6) Violation of the Fair Debt Collection Practices Act ("FDCPA"). Defendants move to dismiss the FAC based on the *Rooker–Feldman* doctrine, among other grounds for dismissal.

## II. <u>LEGAL STANDARD</u>

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). A defendant may move to dismiss an action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(1). An FRCP 12(b)(1) motion tests whether a complaint alleges grounds for federal subject matter jurisdiction. A motion to dismiss for lack of subject matter jurisdiction will be granted if the complaint on its face fails to allege facts sufficient to establish subject matter jurisdiction. *See Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cnty.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). Once a party has moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the opposing party bears the burden of establishing the court's jurisdiction. *See Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). A motion to dismiss pursuant to the *Rooker–*

*Feldman* doctrine is properly brought pursuant to Rule 12(b)(1). *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

## III. DISCUSSION

The *Rooker-Feldman* doctrine precludes this federal action. Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction to review decisions of state courts or to reverse or modify state court judgments. *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415–16 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 476 (1983). The *Rooker-Feldman* doctrine precludes federal district courts from hearing cases in which the "federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court and seeks relief from a state court judgment based on that decision." *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1142 (9th Cir. 2021) (internal quotation marks and citation omitted). Review of such state court decisions may be conducted only by the United States Supreme Court. *See* 28 U.S.C. § 1257; *see also Exxon Mobil Corp. v. Saudi Basic Indust. Corp.*, 544 U.S. 280, 291 (2005).

The *Rooker-Feldman* doctrine applies beyond direct challenges to state court decisions. "The doctrine also precludes constitutional claims that are 'inextricably intertwined' with the forbidden appeal.'" *Ignacio v. Judges of U.S. Ct. of Appeals for Ninth Cir.*, 453 F.3d 1160, 1167 (9th Cir. 2006) (citing *Noel v. Hall*, 341 F.3d 1148, 1157 (9th Cir. 2003)). "*Rooker-Feldman* may also apply where the parties do not directly contest the merits of a state court decision, as the doctrine 'prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a *de facto* appeal from a state court judgment.'" *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008) (quoting *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004)).

The Court must determine whether the present action is a *de facto* appeal. To determine whether an action functions as a prohibited *de facto* appeal, courts "pay close attention to the relief sought by the federal-court plaintiff." *See Cooper v. Ramos*, 704 F.3d 772, 777–78 (9th

Cir. 2012) (quoting *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 (9th Cir. 2003)). Where the form of relief would constitute a reversal or "undoing of the prior state-court judgment," *Rooker–Feldman* dictates that the lower federal courts lack jurisdiction. *Bianchi*, 334 F.3d at 900 (internal quotations and citations omitted).

Federal courts are courts of limited jurisdiction, meaning they can only hear cases authorized by the United States Constitution or federal statutes. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). As a result, if a court lacks subject matter jurisdiction, it must dismiss the action. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety."). When resolving this facial challenge to subject matter jurisdiction, the Court assumes the factual allegations of the complaint to be true and draws all reasonable inferences in favor of the plaintiff. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

The Court finds that Plaintiff's claims are precluded under the *Rooker-Feldman* doctrine because the present action is a *de facto* appeal. Here, Plaintiff alleges various constitutional violations and brings an FDCPA claim in connection with the foreclosure of his home and his subsequent eviction and seeks, in part, injunctive relief restoring his property rights. (*See generally* FAC). Because Plaintiff seeks to reverse his eviction and the foreclosure of his home, which would necessarily require undoing a prior state-court judgment, this Court cannot intervene. *Reusser*, 525 F.3d at 859–860 (finding extrinsic fraud claims by mortgagors who had been foreclosed upon during pendency of their bankruptcy proceeding were barred by the *Rooker-Feldman* doctrine).

Accordingly, the Motions to Dismiss filed by Defendants LVMPD, LV Constable, Shellpoint, Kristin Schuler-Hintz, McCarthy & Holthus LLP, Judge Graham, and Judge Reynolds are GRANTED on the grounds that this action is barred by the *Rooker-Feldman* doctrine.

## IV. <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that Kristin Schuler-Hintz and McCarthy & Holthus LLP's Motion to Dismiss, (ECF No. 38), is **GRANTED**.

**IT IS FURTHER ORDERED** that Elana Graham's Motion to Dismiss, (ECF No. 42), is **GRANTED**.

**IT IS FURTHER ORDERED** that LVMPD and LV Constable's Motion to Dismiss, (ECF No. 44), is **GRANTED**.

**IT IS FURTHER ORDERED** that Shellpoint's Motion to Dismiss, (ECF No. 45), is **GRANTED**.

**IT IS FURTHER ORDERED** that Jacob Reynolds's Motion to Dismiss, (ECF No. 73), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend Time to file a response to Erica Jade's Joinder, (ECF No. 79), is **GRANTED** nunc pro tunc.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Reconsider Opposition to Erica Jade's Joinder to Defendants' Motions to Dismiss, (ECF No. 78) is **DENIED**.

**IT IS FURTHER ORDERED** that all other pending motions, (ECF Nos. 72, 90, 102, 103, 128, 130, 134, 148, 151, 152, 160), are **DENIED** as **moot**.

**IT IS FURTHER ORDERED** that all the claims and parties in this action are dismissed with prejudice.

The Clerk of Court is kindly directed to close the case.

**DATED** this 20 day of July, 2026.

Gloria M. Navarro, District Judge
United States District Court